For the foregoing reasons, it is hereby ORDERED that:

1. ITA's affirmative countervailing duty determinations respecting stainless steel plate from the United Kingdom is sustained as to all matters addressed by Points I, II and III of plaintiffs' memorandum. Accordingly, the Court affirms ITA's determinations that the U.K. government's equity investments in BSC (consisting of payments of public dividend capital or new capital and the forgiveness of all outstanding loans from the NLF) constitute subsidies within the meaning of 19 U.S.C. § 1671;

2. To the extent not disposed of by this opinion, the matters addressed by Points IV through VIII in plaintiffs' memorandum are remanded to ITA for: (a) revaluation and recalculation of the subsidies in accordance with the "Subsidies Appendix", including valuation of redundancy and closure funds, funds associated with assets taken out of use, gains from extinguishment of indebtedness, "time value" of money, equity infusions during fiscal year 1977/78, and such other revaluations and recalculations as are necessary; and (b) to add to the record all information obtained and/or utilized by ITA in making its determination relative to Point VIII of plaintiffs' memorandum concerning the creditworthiness of BSC in fiscal year 1977/78.

3. ITA shall provide notice to interested parties of its proposed redeterminations and afford them reasonable opportunity for comment prior to submission of the actual redeterminations to the Court.

4. The Secretary or his delegate shall report his findings and redeterminations to this Court, and supplement the administrative record as provided above, within 120 days after the date of entry of this order.

REPUBLIC STEEL CORP., UNITED STATES STEEL CORP., ET AL., PLAINTIFFS *v.* UNITED STATES AND UNITED STATES INTERNATIONAL TRADE COMMISSION, DEFENDANTS

Court No. 82–03–00372

Before WATSON, *Judge.*

(Decided March 11, 1985)

Office of the General Counsel, International Trade Commission (*Michael H. Stein,* General Counsel; *Michael P. Mabile,* Assistant General Counsel; *Catherine R. Field,* Attorney) for the federal defendants.
*Cravath, Swaine & Moore (Alan J. Hruska* of counsel) for plaintiffs Republic Steel Corp., Inland Steel Company, Jones & Laughlin Steel Inc., National Steel Corp., and Cyclops Corporation.

WATSON, *Judge:* The United States International Trade Commission (ITC) has moved for reconsideration of those parts of Slip Opinion 84–84 published at 591 F. Supp. 640 (1984) which set out a standard to be applied by the ITC in making its preliminary determination of whether there is a reasonable indication that an industry is being materially injured or threatened with material injury. The ITC also asks reconsideration of the Court's holding that it must consider the nature of the alleged subsidy in its preliminary determination.

In its opinion, the Court held that a preliminary determination by the ITC was essentially a decision on whether a full investigation should be made. It required only the passing of a low threshold by means of a reasonable indication of material injury. The opinion explained why a reasonable indication meant a mere possibility and could not allow the ITC to engage in the weighing of conflicting evidence, which is its forte and authorized duty in the *final* investigation.

After considering the ITC's motion and plaintiffs' response, the Court remains convinced that the weighing of conflicting evidence by the ITC cannot be done at the threshold without entirely distorting the operation of the law and impeding the legislative intention that investigations be commenced on the basis of possibilities. Even if the ITC is held to a standard which requires them to have "clear and convincing" evidence that there is no possibility of injury, the operation of the law is being distorted.

The right to a full investigation was not intended to depend on anything more than a reasonable showing by a petitioner from matters fairly within its capacity to know. It was not intended to depend on a pre-investigation of conflicting evidence.

If the petition does not contain the evidence of injury which could reasonably be expected to be within petitioner's knowledge, or is false, or is in conflict on essential points with matters of public record, or does not state injury as a matter of law even if its contents are taken as true, then the ITC may properly conclude that there is no reasonable indication of injury and no need for further investigation. But if the ITC merely believes that within 45 days it has the information and expertise sufficient to resolve the merits of a conflict of evidence, it is distorting the statutory process. It is advancing the considerable degree of discretion it has in the *final*

injury determination all the way up to the beginning of petitioner's access to the investigative process. The price of investigation becomes the ability to anticipate, withstand and overcome a mass of conflicting evidence, not simply the demonstration of a reasonable possibility.

Moreover, because the ITC's potential negative determination is not judicially reviewable for lack of substantial evidence, it will always have a sufficient veneer of rationality to withstand a review for being arbitrary or capricious. In other words, on a standard which allows it to weigh evidence the ITC would have an absolute veto power on the commencement of countervailing and antidumping investigations. The good faith of the ITC is not questioned, but it is difficult to conceive that Congress wanted it to have this degree of control over the beginning of investigations. This is particularly incongruous when the very next step by the International Trade Administration of the Department of Commerce (ITA) is supposed to allow the ITA to reach a preliminary determination based on a reason to believe or suspect. The law obviously intends the investigation and the mature weighing of conflicting evidence to begin in earnest after that point.

The Court's opinion on the existence of a low threshold is consistent with its opinion that, at the preliminary stage, the ITC should accept the subsidy allegations as contained in the petition. At the earliest stage, this is the only form they can have. It is easy to see why the ITC, in elevating its preliminary determination to a replica of its final investigation, finds acceptance of an uninvestigated alleged subsidy to be a jarring element.

From the Court's point of view, the consideration of alleged subsidies is perfectly in harmony with the treatment of reasonably supported allegations of injury. It is the excessive development of the ITC's preliminary investigation which creates the disparity between an alleged subsidy and the "indications" of injury which the ITC is examining.

The prospect that a "well-pleaded" petition can pass the preliminary ITC determination should not be as great a concern as that a petition which gives a reasonable indication of injury might not withstand a weighing of opposing evidence.

The opinion does not force the ITC to give probative value to anything which a reasonable person would know to be false or immaterial.

It does require the ITC to refrain from enlarging its preliminary inquiry to the point where it goes beyond a search for the possibility of injury and becomes a final investigation in preliminary guise. If the Court's opinion results in a tendency towards the making of investigations, it does no more than follow the design of Congress in these matters.

For the reasons expressed above the ITC's motion for reconsideration is Denied.